**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No: 8:17-cv-1267-T-30AAS

JOANNE CASTENDYK,

    Defendant.

---

## **ORDER**

    THIS CAUSE comes before the Court upon Defendant's Motion for Default Judgment (Doc. 8). For the reasons that follow, the Court grants the motion.

    A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted).

    On May 26, 2017, Plaintiff filed its Complaint against Defendant Joanne Castendyk containing two counts for failure to pay pursuant to 28 U.S.C. § 1345. (Doc. 1.) In the Complaint, Plaintiff alleged that Defendant owes two debts to the United States. Plaintiff attached two Certificates of Indebtedness, certifying the amount of Defendant's debts

according to U.S. Department of Education records. (Docs. 1-1 & 1-2.) As of April 7, 2017, the first debt consisted of $1,150.83 in principal and $1,729.43 in accrued interest, for a total of $2,880.26. (*Id.* at ¶ 3.) The second consisted of $4,636.96 in principal and $5,301.43 in accrued interest, for a total of $9,938.39. (*Id.* at ¶ 4.)

Plaintiff effected service of process on Defendant on June 10, 2017. (Doc. 5.) Defendant failed to file a responsive pleading. On July 5, 2017, Plaintiff filed a motion for Clerk's default. (Doc. 6.) The Clerk entered a default as to Defendant pursuant to Rule 55(a) on July 6, 2017. (Doc. 7.) Thereafter, Plaintiff filed the instant Motion for Entry of Default Judgment and attachments including an invoice demonstrating that it incurred $45 in costs to serve Defendant. (Doc. 8-4.)

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the Certificates of Indebtedness, Plaintiff's motion, and the invoice, the Court determines that Plaintiff's motion should be granted. Plaintiff is entitled to a judgment against Defendant in the amount of $12,863.65, consisting of $12,818.65 in student loan debt and $45 in costs pursuant to 28 U.S.C. section 1921.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 8) is granted.
2. The Clerk is directed to enter judgment against Defendant in the amount of $12,863.65. This judgment shall accrue post-judgment interest at the legal rate until paid in full.

3. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on July 14th, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record